ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| ROBERT JAMES HATTON GOTAY, su esposa MARÍA DE LOS ÁNGELES RENTAS COSTAS Y LA SOCICIEDAD LEGAL DE GANANCIALES compuesta por éstos<br><br>Demandantes-Apelados<br><br>Vs.<br><br>LUIS ALBERTO BERMÚDEZ COSME t/c/c LUIS BERMÚDEZ Y OTROS<br><br>Demandados-Apelantes | KLAN202400522 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm. JD2021CV00175<br><br>Sala: 406<br><br>Sobre:<br><br>COBRO DE DINERO Y EJECUCIÓN DE HIPOTECA POR LA VÍA ORDINARIA |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de septiembre de 2024.

Comparece la parte co-demandada apelante, Luis Alberto Bermúdez Cosme (en adelante parte apelante o señor Bermúdez Cosme) para solicitarnos que se revise y revoque la *Sentencia Sumaria* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 13 de julio de 2023 y notificada el 18 de julio del mismo año. El 27 de julio de 2023 el señor Bermúdez Cosme radicó una *Moción de Reconsideración y Relevo de Sentencia*. El Tribunal de Primera Instancia, (en adelante, TPI), mediante una *Resolución* emitida el 29 de febrero de 2024, transcrita el 5 de marzo de 2024 y enmendada el 2 de mayo de 2024 declaró *No Ha Lugar* la *Moción de Reconsideración y Solicitud de Relevo de Sentencia.*

La parte apelada, Robert James Hatton Gotay, su esposa María de los Ángeles Rentas Costas y la Sociedad Legal de

Número Identificador

SEN2024 _____

Gananciales compuesta por éstos (en adelante, parte apelada o el matrimonio Hatton Rentas) comparecieron mediante *Solicitud de Desestimación por Falta de Jurisdicción para atender el Recurso.*

Por los fundamentos que exponemos a continuación, se revoca la *Sentencia Sumaria* emitida y se *desestima* sin perjuicio la demanda de epígrafe.

**-I-**

El 9 de abril de 2021 el matrimonio Hatton Rentas radicó demanda sobre cobro de dinero y ejecución de hipoteca. Fueron incluidos como partes demandadas: el señor Luis Alberto Bermúdez Cosme, la señora Lana Louise Hill y la Sociedad Legal de Bienes Gananciales compuesta por ambos.[1]

Los emplazamientos se expidieron el 15 de abril de 2021.[2] El 23 de abril de 2021, la parte apelada radicó una moción solicitando emplazamiento por edicto.[3] El 3 de junio de 2021 el demandado-apelante, el señor Luis Alberto Bermúdez Cosme, presentó ante el foro primario una *Moción Solicitando Prórroga* por conducto del Lcdo. Lemuel Negrón Colón. El 4 de junio de 2021 el TPI concedió la prórroga solicitada.[4]

El 23 de junio de 2021 la parte apelada presentó *Solicitud de Anotación de Rebeldía y de Sentencia Parcial* contra la parte apelante. En esa misma fecha, el Tribunal de Primera Instancia declaró *No Ha Lugar* la solicitud de rebeldía. El 1 de julio de 2021 el matrimonio Hatton Rentas presentó ante el foro apelado una moción de reconsideración y reiteró la solicitud de rebeldía contra la señora Hill.[5]

El 8 de julio de 2021, el TPI emitió una orden disponiendo que el caso fuera referido a mediación compulsoria para el 8 de

---

[1] Anejo 1 del Apéndice del Recurso de Apelación, págs. 1-60.
[2] Anejo 2 del Apéndice del Recurso de Apelación, págs. 61-64.
[3] Anejo 4 del Apéndice del Recurso de Apelación, págs. 67-68.
[4] Anejos 7 y 8 del Apéndice del Recurso de Apelación, págs. 74-75.
[5] Anejos 9, 10 y 11 del Apéndice del Recurso de Apelación, págs. 75-81.

noviembre de 2021 en la Clínica de Asistencia Legal de la Pontificia Universidad Católica.[6]

El 3 de enero de 2022 compareció mediante moción la Clínica de Asistencia Legal de la Escuela de Derecho Pontificia Universidad Católica de Puerto Rico, por conducto del Lcdo. Jaime Enrique II Cruz Pérez. En dicha moción se informó que "[l]a parte demandante, por conducto de su representación legal, Lic. Orlando Camacho, alegó que no se someterían al proceso de mediación, ya que los demandados no residen en la residencia sujeto del presente caso".[7]

El 18 de enero de 2022, el foro primario ordenó: "(1) que la demandante muestre causa en cinco (5) días por la cual no se deba citar para una vista de desacato porque debió solicitar la intervención del Tribunal, ya que el referido a mediación se trata de una orden judicial, (2) la parte demandada tiene que acreditar en cinco días que la propiedad hipotecada constituye su vivienda principal".[8] El 19 de enero de 2022 el matrimonio Hatton Rentas presentó *Moción en Cumplimiento de Orden y Mostrar Causa*. En síntesis, alegó que se informó al mediador que no procedía la mediación conforme al Artículo 3 de la Ley 184-2012, 32 LPRA sec. 2882.[9]

Por su parte, el 21 de enero de 2022 el señor Bermúdez Cosme presentó *Moción en Cumplimiento de Orden*. En síntesis, alegó que la propiedad es la residencia principal de la señora Martha Bermúdez Cosme, quien es familiar del demandado y en todo momento se ha mantenido tratando de presentar propuestas que permitan evitar la ejecución. Además, solicitó en dicha moción que se "refiera el asunto nuevamente para mediación en la que se

---

[6] Anejo 13 del Apéndice del Recurso de Apelación, págs. 83-85.
[7] Anejo 15 del Apéndice del Recurso de Apelación, pág. 88.
[8] Anejo 16 del Apéndice del Recurso de Apelación, pág. 89.
[9] Anejo 17 del Apéndice del Recurso de Apelación, págs. 90-91.

puedan considerar las alternativas de mitigación dispuestas en la ley".[10]

El 24 de enero de 2022 el Tribunal de Primera Instancia ordenó a la demandante-apelada a que reaccionara a la moción del demandado-apelante del 21 de enero de 2022. El 2 de febrero de 2022 el matrimonio Hatton Rentas presentó una moción en cumplimiento de orden.[11] El Foro a *quo* señaló una vista de estado de los procedimientos para el 19 de octubre de 2022. En esa fecha, el Licenciado Lemuel Negrón presentó una moción de renuncia de la representación legal del señor Bermúdez Cosme.[12]

Según se desprende de la vista del 19 de octubre de 2022, el foro primario concedió veinte (20) días a el matrimonio Hatton Rentas para presentar una moción de sentencia sumaria. En adición, mediante *Orden* del 26 de octubre de 2022 y notificada el 9 de noviembre del mismo año, el TPI autorizó la renuncia del licenciado Negrón.[13] Posteriormente, el 19 de abril de 2023 la parte apelada presentó *Solicitud de Anotación de Rebeldía* en contra del señor Bermúdez Cosme y de la señora Hill.[14]

El 4 de mayo de 2023 y notificada el 5 de mayo del mismo año, el Tribunal de Primera Instancia declaró *No Ha Lugar* la solicitud de rebeldía y ordenó a la demandante-apelada cumplir en cinco días con la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V. R.4.6. En esa misma fecha, en cuanto al *Escrito al Expediente Judicial Solicitud se Dicte Sentencia Sumaria*, el foro de origen la declaró *No Ha Lugar*.[15]

Posteriormente, el 5 de mayo de 2023 la parte apelada presentó *Moción en Cumplimiento de Orden*. El 26 de mayo de 2023 el Tribunal de Primera Instancia la declaró *No Ha Luga*r porque no

---

[10] Anejó 18 del apéndice del recuro de apelación, págs. 92-93.
[11] Anejos 20 y 21 del Apéndice del Recurso de Apelación, págs. 95-96.
[12] Anejos 28 y 29 del Apéndice del Recurso de Apelación, págs. 104-106.
[13] Anejos 30 y 31 del Apéndice del Recurso de Apelación, págs. 107-110.
[14] Anejo 33 del Apéndice del Recurso de Apelación, págs. 114-187.
[15] Anejos 35, 36 y 37 del Apéndice del Recurso de Apelación, págs. 200-204.

se cumplió con la orden, toda vez que no se unió el sobre o evidencia de recibo (acuse de recibo). Por lo que le concedió cinco (5) días adicionales para cumplir.[16] El 1 de junio de 2023 el matrimonio Hatton Rentas presentó *Moción en Cumplimiento de Orden* y entonces el 28 de junio del mismo año, el TPI la declaró *Ha Lugar* y la dio por cumplida.[17] El 13 de julio de 2023 el TPI declaró *Ha Lugar* la *Sentencia Sumaria.*[18] Dicha sentencia sumaria se archivó en autos el 18 de julio de 2023 y notificó a las partes el 19 de julio de 2023.[19]

El 27 de julio de 2023 el señor Bermúdez Cosme presentó *Moción de Reconsideración y en Solicitud de Relevo de Sentencia.* En síntesis, adujo que en dicha moción se trajo ante la atención del Tribunal de Primera Instancia y que la *Sentencia* dictada es contraria a la Ley Núm. 184-2012, *supra,* según enmendada por la Ley Núm. 38-2019, 32 LPRA sec. 2882, a las Reglas de Procedimiento Civil, *supra,* y a la doctrina citada en la mencionada moción sobre la mediación compulsoria. El 27 de julio de 2023 la parte apelante también radicó *Moción Solicitando Desestimación de la Demanda de Conformidad con lo dispuesto en la Ley 38 de 2019 y Bajo la Doctrina Pautada en Scotiabank vs. Rosario,* 2020 TSPR 123.[20]

El 31 de julio de 2023 el foro de instancia ordenó a la parte apelada a presentar su réplica en cuanto a la moción de reconsideración y relevo de sentencia y, en cuanto a la moción de desestimación presentada por el señor Bermúdez Cosme. El 31 de agosto de 2023, el matrimonio Hatton Gotay presentó una réplica, donde se opuso a dicho petitorio argumentando que la propiedad en cuestión no es la residencia principal del matrimonio Bermúdez

---

[16] Anejos 38 y 39 del Apéndice del Recurso de Apelación, págs. 205-207.
[17] Anejos 40 y 41 del Apéndice del Recurso de Apelación, págs. 208-213.
[18] Anejos 42 y 43 del Apéndice del Recurso de Apelación, págs. 214-228.
[19] Anejo 44 del Apéndice del Recurso de Apelación, págs. 229 y 230.
[20] Anejos 45, 46 y 47 del Apéndice del Recurso de Apelación, págs. 231-253.

Hill, por lo que la Ley Núm. 184-2012, *supra*, no es de aplicabilidad en cuanto a la mediación compulsoria. [21]

Posteriormente, el 1 de septiembre de 2023, el señor Bermúdez Cosme presentó la correspondiente *Dúplica* a *Réplica*.[22] En resumen, arguyó que su hermana debía considerarse como familia inmediata, aunque no fuera deudor hipotecario. Añadió que, el Tribunal de Primera Instancia adolecía de falta de jurisdicción y que procedía decretar la nulidad de la sentencia. Así las cosas, el 9 de enero de 2024 el Tribunal de Primera Instancia señaló una *Vista Argumentativa* para el 9 de febrero de 2024. Posteriormente, el 31 de enero de 2024 reseñaló la audiencia para el 29 de febrero de 2024.[23]

El 6 de marzo de 2024, el señor Bermúdez Cosme presentó *Moción Suplementaria* a la moción de reconsideración y de relevo de sentencia y de desestimación.[24] Reiteró sus planteamientos de que, la hermana del señor Bermúdez Cosme ha residido la propiedad como residencia principal desde el año 2005 por lo que debe extenderse la protección de la Ley Núm. 184-2012, *supra*. En adición, sostuvo que el no ofrecerle todas las alternativas disponibles para evitar la ejecución, había privado al Tribunal de jurisdicción, esto de conformidad con la Ley Núm. 38-2019, *supra*. En misma fecha, la parte demandada-apelante presentó una *Moción solicitando que se notifique resolución y/u orden*.[25]

El 25 de abril de 2024, el Foro a *quo* emitió la siguiente orden: "Enterado. En corte abierta se dictó resolución declarando '*No Ha Lugar*' la moción de relevo de sentencia. Se ordena a la Secretaria de Sala enmendar minuta de vista argumentativa

---

[21] Anejos 48-51 del Apéndice del Recurso de Apelación, págs. 254-328.
[22] Anejo 52 del Apéndice del Recurso de Apelación, págs. 329-335.
[23] Anejos 53-55 del Apéndice del Recurso de Apelación, págs. 336-346.
[24] Anejo 57 del Apéndice del Recurso de Apelación, págs. 349-356.
[25] Anejo 58 del Apéndice del Recurso de Apelación, págs. 357-359.

celebrada el 29 de febrero de 2024 para que conste como *Minuta Resolución* con la Firma del Juez".[26]

Según la solicitud del señor Bermúdez Cosme, el foro de origen emitió una *Minuta Resolución* de la vista argumentativa celebrada el 29 de febrero de 2024, y que fuera transcrita el 5 de marzo de 2024 y enmendada el 2 de mayo de 2024. En esta, el TPI emitió la *Minuta Resolución* declarando *No Ha Lugar* la moción de reconsideración y de relevo de sentencia del 27 de julio de 2023.[27]

Inconforme con el dictamen emitido por el Tribunal de Primera Instancia, el señor Bermúdez Cosme presentó este Recurso de Apelación ante nos. En el mismo le imputó al foro apelado el siguiente señalamiento de error.

> Erró el Tribunal *a quo* al dictar sentencia sumaria sin jurisdicción y al declarar No Ha Lugar la moción de reconsideración y de relevo de sentencia del 27 de julio de 2023 haciendo abstracción del resto del Derecho y en clara violación a los principios más básicos del debido proceso de ley que le asiste a la demandada en un procedimiento judicial y al no ordenar desestimar la demanda presentada en el caso de autos.

Examinado el recurso en su totalidad y con la comparecencia de las partes, procedemos a establecer el derecho aplicable y resolver.

-**II**-

-**A**-

El emplazamiento es el mecanismo procesal que permite al tribunal adquirir jurisdicción sobre la parte demandada y éste quede obligado por el dictamen emitido. *Rivera Torres v. Díaz López,* 207 DPR 636, 646-647 (2021); *Pérez Quiles v. Santiago Cintrón,* 206 DPR 379, 384 (2021). Este, tiene el propósito de notificar a la parte demandada sobre la existencia de una reclamación en su contra. *Bernier González v. Rodríguez Becerra,*

---

[26] Anejo 60 del Apéndice del Recurso de Apelación, págs. 362-363.
[27] Anejo 61 del Apéndice del Recurso de Apelación, págs. 364-366.

200 DPR 637, 644 (2018); *Torres Zayas v. Montano Gómez et al.*, 199 DPR 458, 467 (2017). De esta forma, si así lo desea, puede comparecer a ejercer sus derechos de ser oído y presentar prueba a su favor. *Cirino González v. Adm. Corrección*, 190 DPR 14, 30 (2014); *Banco Popular v. SLG Negrón*, 164 DPR 855, 863 (2005). Por tanto, su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de ley. *Íd.,* pág. 863. Conforme lo anterior, no es hasta que se diligencie el emplazamiento y se adquiera jurisdicción, cuando la persona puede ser considerada propiamente parte, pues, aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal. *Natal Albelo v. Romero Lugo*, 206 DPR 465, 475 (2021); *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854, 869-870 (2015).

En nuestro ordenamiento jurídico, los requisitos para la expedición, forma y diligenciamiento de un emplazamiento están regulados por la Regla 4 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4. En esencia, dicho cuerpo establece dos (2) maneras para diligenciar un emplazamiento, a saber: (1) personalmente, o (2) por edicto. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1005 (2021); *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 987 (2020). Como norma general, el diligenciamiento personal del emplazamiento es el método idóneo para adquirir jurisdicción sobre la persona. *Banco Popular v. SLG Negrón, supra*, pág. 865. Por consiguiente, si la parte demandada puede ser emplazada personalmente, así deberá efectuarse. Sin embargo, por vía de excepción, para que un tribunal "permita un emplazamiento mediante edicto, tiene que haberse intentado efectuar *previamente un emplazamiento personal, y después haberse sometido y lógicamente tener el juez ante sí una declaración jurada con la expresión de las diligencias ya efectuadas. Sánchez*

*Ruiz v. Higuera Pérez*, 203 DPR 982, 987-988 (2020). (Bastardillas en el original).

En lo que nos atañe, la Regla 4.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3, regula el término para diligenciar el emplazamiento a la parte demandada, y lee como sigue:

> **El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto**. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. **Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio**. **Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos**. (Énfasis suplido).

Nuestro máximo foro ha resuelto que **"[e]ste término es improrrogable y, consecuentemente**, **si en 120 días el demandante no ha podido diligenciar el emplazamiento automáticamente se desestimará su causa de acción** [sin perjuicio]". *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 649 (2018). (Énfasis suplido). Es por ello, que una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto, tendrá el efecto de una adjudicación en los méritos. *Ross Valedón v. Hospital Dr. Susoni Health Community Services, Corp.*, 2024 TSPR 10, 213 DPR ____ (2024).

Para que el tribunal adquiera jurisdicción sobre todas las partes, es indispensable que éstos sean emplazados conforme a derecho. *Ross Valedón v. Hospital Dr. Susoni Health Community Services, supra; Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 482 (2019). Es decir, la inobservancia del procedimiento estatuido priva al tribunal de su jurisdicción sobre la persona del demandado. *Rivera v. Sucn. Pérez*, 165 DPR 228, 238 (2005). Los

requisitos que dispone la regla de emplazamiento son de cumplimiento estricto. *Íd.* pág. 238. Es decir, el emplazamiento es un trámite medular para el cumplimiento con el debido procedimiento de ley de un demandado y afecta directamente la jurisdicción del tribunal.

Por otro lado, la Regla 4.6 de Procedimiento Civil, sobre emplazamiento mediante edictos y su publicación dispone lo siguiente:

> (a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente y **así se compruebe a satisfacción del tribunal mediante una declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración o de la demanda presentada que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada**, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga mediante edicto. [...] 32 LPRA Ap. V, R.4.6. (Énfasis suplido).

Sobre este particular de los emplazamiento por edictos, nuestro más alto foro ha sido enfático en que "**[l]a declaración jurada que acredita las diligencias realizadas para citar al demandado personalmente debe expresar hechos específicos y no meras conclusiones o generalidades**". *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 23 (1993). De este modo, se deben incluir las personas con quienes se investigó y su dirección. *Global v. Salaam*, 164 DPR 474, 482 (2005). Además, "se ha indicado que es una buena práctica 'inquirir de las autoridades de la comunidad, la policía, el alcalde, del administrador de correos que son las personas más llamadas a conocer la residencia o el paradero de las personas que viven en la comunidad'". *Id.,* págs. 482–483. El Tribunal Supremo de Puerto Rico ha expresado que **"[a]l evaluar la suficiencia de tales diligencias, el tribunal deberá tener en**

**cuenta todos los recursos razonablemente accesibles al demandante para intentar hallar al demandado y si se ha agotado toda posibilidad razonable disponible al demandante para poder localizarlo**". *Sánchez Ruiz v. Higuera Pérez, supra,* pág. 988. (Énfasis suplido).

Finalmente, cumplir con la declaración jurada no es suficiente. El Tribunal Supremo de Puerto Rico ha reiterado que esa declaración jurada es parte integral del procedimiento para emplazar mediante edictos. Esto significa que un tribunal no adquiere jurisdicción "si la declaración jurada que se presenta es insuficiente para inspirar el convencimiento judicial necesario". *Reyes v. Oriental Fed. Savs. Bank, supra,* pág. 26. Así pues, sólo "cuando se demuestre de forma fehaciente que se han llevado a cabo aquellas diligencias potencialmente efectivas con el fin de encontrar al demandado, puede el tribunal conceder el permiso para emplazarlo mediante la mencionada publicación". *Lanzo Llanos v. Banco de la Vivienda,* 133 DPR 507, 513 (1993).

*-B-*

La Regla 16 de las de Procedimiento Civil regula lo pertinente en cuanto a partes indispensables en los casos. La misma dispone:

> Las personas que tuvieren un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehusare hacerlo, podrá unirse como demandada. 32 LPRA Ap. V, R. 16.

El propósito de la precitada regla es proteger a las personas ausentes de los efectos perjudiciales que pudiera tener la resolución del caso sin la presencia de ellos y evitar multiplicidad de pleitos, para así emitir una determinación completa. *FCPR v. ELA et al.,* 211 DPR 521, 530 (2023). La importancia de tal inclusión es de tal magnitud que nuestro más Alto Foro ha expresado que el planteamiento de falta de parte indispensable

puede ser presentado por primera vez en apelación para ser considerado por el foro apelativo. *RPR & BJJ Ex Parte,* 207 DPR 389, 407, (2021). El "interés común" al que se refiere no es a "cualquier interés en el pleito, sino que tiene que ser un interés real e inmediato, no especulativo ni a futuro, que impida la confección de un remedio adecuado porque podría afectar o destruir radicalmente los derechos de esa parte ausente". *Íd.*, pág. 408.

El Tribunal Supremo de Puerto Rico ha definido a una parte indispensable como aquella de la que no se puede prescindir, pues, sin su presencia las cuestiones litigiosas no pueden ser adjudicadas correctamente, ya que sus derechos quedarían afectados por una determinación judicial. *RPR & BJJ Ex Parte, supra,* pág. 407. Es tarea del tribunal determinar la necesidad de acumular a una parte por ser indispensable, pues lo fundamental es establecer "si el tribunal puede hacer justicia y conceder un remedio final y completo [a las partes presentes] sin afectar los intereses [de la parte] ausente". *Íd.*, págs. 408-409 (citando a *Pérez Rosa v. Morales Rosado,* 172 DPR 216, 223 (2007)). Por ende, de concluir que dicha parte es necesaria en el pleito y no haberla incluido, el tribunal carece de jurisdicción y la sentencia que se emita sin su presencia sería nula. *Watchtower Bible et al. v. Mun. Dorado I,* 192 DPR 73, 118 (2014).

## -III-

Comparece ante nos, el apelante Bermúdez Cosme y señala que erró el Tribunal *a quo* al dictar sentencia sumaria sin jurisdicción y al declarar *No Ha Lugar* la moción de reconsideración y de relevo de sentencia del 27 de julio de 2023, haciendo abstracción del resto del Derecho y en clara violación a los principios más básicos del debido proceso de ley que le asiste a la demandada en un procedimiento judicial y al no ordenar

desestimar la demanda presentada en el caso de autos. *Le asiste la razón.*

Como detallamos previamente, la demanda del caso de marras fue radicada el 9 de abril de 2021.[28] Surge de los autos que los emplazamientos se expidieron el 15 de abril de 2021.[29] Así las cosas, el 23 de abril de 2021 el matrimonio Hatton Gotay radicó una moción solicitando emplazamiento por edicto, la cual acompañó con una declaración jurada del emplazador Dionisio Cartagena Montes.[30] En la misma, se desprende lo siguiente:

> Yo, **DIONISIO CARTAGENA MONTES**, mayor de edad, casado, emplazador y vecino de Villalba, Puerto Rio, bajo juramento declaro que:
> 1. Mi nombre y demás circunstancias personales son las antes expresadas.
> 2. Sé leer y escribir, soy diligenciante para varias oficinas de abogados y no tengo interés alguno en el presente caso.
> 3. Soy diligenciante de emplazamientos para varias oficinas de abogados y no tengo interés alguno en el presente caso.
> 4. El día miércoles, **16 de abril de 2021** me personé a la dirección del emplazamiento y ahí vive la señora Martha Bermúdez, hermana del demandado Luis A. Bermúdez Cosme, y al identificarme y decirle para qué buscaba al señor Luis A. Bermúdez Cosme, me dijo que ellos están en los Estados Unidos de América y que ya él le había escrito a los abogados de las partes para poder arreglar los documentos. Me dijo la señora Martha Bermúdez que el demandado no tiene ningún papel de parte de los demandantes, que este adquirió la propiedad que necesita ver los documentos para seguir pagando la propiedad siempre y cuando el demandante tenga los documentos de adquisición, que no le puede pagar a cualquier persona que llegue a la casa y decir que esa propiedad es de ella sin mostrar ningún documento. Me indicó además la señora Martha Bermúdez, que la dirección de su hermano **Luis A. Bermúdez Cosme es: 527 Leisure PL Lakeland FL 33801-3366** y su número de teléfono es: 931-220-6917. Al salir de ahí, llamé y no contestó. Luego a eso de las 7:05 de la noche recibí una llamada de ese número, 931-220-6917, y era el señor Luis A. Bermúdez Cosme quien me confirmó todo lo antes expresado y la dirección antes mencionada. Me dijo que solo quería hacer los correspondientes arreglos para continuar pagando la propiedad. Al preguntarse por la señora Lana Louise Hill, me dijo que hace tiempo que están divorciados, que él, refiriéndose a Luis A. Bermúdez Cosme, tiene un poder que la señora Lana Louise Hill le dio de esa propiedad, que la dirección de **Lana Louise Hill es: 8280 S 850 E Elberfeld, IN 47613**, pero ella no tiene nada que ver. [...].[31] (Énfasis y subrayado en el original).

---

[28] Anejo 1 del Apéndice del Recurso de Apelación, págs. 1-60.
[29] Anejo 2 del Apéndice del Recurso de Apelación, págs. 61-64.
[30] Anejo 4 del Apéndice del Recurso de Apelación, págs. 67-69.
[31] *Íd.*, pág. 69

El 27 de abril de 2021, el Tribunal de Primera Instancia emitió *Orden* para emplazar mediante Edicto al matrimonio compuesto por Luis A. Bermúdez Cosme y Lana Louise Hill.[32] Ahora bien, surge de los autos, que el matrimonio Hatton Gotay solicitó mediante moción la *Anotación de Rebeldía y de Sentencia Parcial el 19 de junio de 2021*.[33] De la misma, se desprende claramente que el emplazamiento por edicto correspondiente a la señora Lana Louise Hill se envió a: **Lana L. Bermúdez 527 Leisure Pl Lakeland, FL. 33801-3366**. Asimismo, según un segundo acuse de recibo se envió a: **Lana L. Bermúdez, Urb. Ext, Las Flores Calle 2 Núm. 2 Juana Díaz, PR 00795**. Adicionalmente, se le envió a la **Sociedad Legal de Bienes Gananciales compuesta por Luis Bermúdez Cosme y Lana L. Bermúdez 527 Leisure Pl Lakeland, FL.33801-3366**. Por último, se le envió a la **Sociedad Legal de Bienes Gananciales compuesta por Luis Bermúdez Cosme y Lana L. Bermúdez Urb. Ext, Las Flores Calle 2 Núm. 2 Juana Díaz, PR00795**.

Como podemos apreciar, la publicación del edicto no se realizó conforme a derecho. No se envió a la dirección provista por el emplazador Cartagena Montes en su declaración jurada y que correspondiera a Lana Louise Hill en 8280 S 850 E Elberfeld, IN 47613. De esta forma, el emplazamiento por edicto se tornó inoficioso, pues la inobservancia del procedimiento estatuido privó al tribunal de su jurisdicción sobre la persona de la demandada Lana Louse Hill. Es decir, los requisitos que dispone la regla de emplazamiento son de cumplimiento estricto. Reiteramos que, el emplazamiento es un trámite medular para el cumplimiento con el debido procedimiento de ley de un demandado y afecta directamente la jurisdicción del tribunal.

---

[32] Anejo 5 del Apéndice del Recurso de Apelación, págs. 70-71.
[33] Anejo 9 del Apéndice del Recurso de Apelación, págs. 76-79.

Examinado el derecho expuesto y el incumplimiento en el diligenciamiento del emplazamiento por edicto que se desarrolló en el caso de marras, justipreciamos que erró el Tribunal de Primera Instancia al validar un emplazamiento por edicto insuficiente y llevar a cabo todo el trámite judicial posterior. Colegimos que el emplazamiento por edicto al amparo de la Regla 4.6 de Procedimiento Civil, *supra*, expedido a favor de la señora Lana Luise Hill fue defectuoso. De igual manera, el no haber diligenciado el emplazamiento dentro del término de 120 días dispuesto en la Regla 4.3 de Procedimiento Civil, *supra,* así como levantada la defensa de falta de parte indispensable al amparo de la Regla 16 de Procedimiento Civil, *supra*, provocó que el Tribunal nunca adquiriera jurisdicción sobre la señora Louise Hill. Por lo que, resulta forzoso concluir que, el procedimiento de la notificación defectuosa lesionó todo el trámite efectuado en contra de la señora Lana Louise Hill y, en consecuencia, del señor Bermúdez Cosme. El efecto de esta grave inadvertencia conlleva la nulidad de la *Sentencia* emitida en contra de ambos codemandados.

*-IV-*

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, se revoca la *Sentencia Sumaria* apelada y se *desestima* sin perjuicio la demanda de epígrafe pues nunca se emplazó a la codemandada Lana Louise Hill, quien es parte indispensable en este pleito, dentro del término de ciento veinte (120) días.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones